**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BIENVENDIO ARIAS and ANNA ARIAS, His Wife, | |
| Plaintiffs, | NO. 3:06-CV-638 |
| v. | (JUDGE CAPUTO) |
| DECKER TRANSPORTATION and MAUD BLUE, | |
| Defendants. | |

**MEMORANDUM ORDER**

Presently before the Court is Defendants' Motion for Partial Summary Judgment. (Doc. 35.) Plaintiffs' Brief in Opposition requests that the Court dismiss the Defendants' Motion for Partial Summary Judgment for failure to file a Statement of Material Facts in accordance with Local Rule 56.1. (Doc. 43.)

Local Rule 56.1 requires that a Motion for Summary Judgment "be accompanied by a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried. M.D. Pa. L.R. 56.1.

Defendants argue that Local Rule 56.1 lists no time frame for the filing of the statement of material facts. However, this rule should be read in conjunction with Local Rule 7.3, which states "[w]hen allegations of fact are relied upon in support of a motion, all pertinent affidavits, transcripts, and *other documents* must be filed simultaneously with the motion whenever practicable. In any event, such supporting documents must be filed within ten (10) days after the motion has been filed, unless otherwise ordered by the

court." M.D. Pa. L.R. 7.3 (emphasis added).  A statement of material facts clearly deals with allegations of facts, and is the type of "other document" referred to by the rule.

However, Defendants correctly note that Local Rule 56.1 does not contain a penalty provision, and does not infer that dismissal is proper upon failure to submit a timely statement of facts.  Plaintiffs and Defendants cite several cases regarding the filing of a statement of facts, but these cases dealt generally with the response to the movant's statement.  The case most relevant to this issue is *Kerwin v. Varner*, Civ. A. No. 03-2253, 2006 WL 3742738 (M.D. Pa. Dec. 15, 2006) (Caldwell, J.), which considered a movant's failure to file a timely statement of facts.  In *Kerwin*, the plaintiff requested that the court strike the Defendant's motion for summary judgment for failure to comply with Local Rule 56.1.  *Id.* at *2.  The court noted that although the Defendant did not file his statement simultaneously, he did later file a Statement of Facts.  *Id.* The court denied the motion on the basis that the Plaintiff was not prejudiced, as the Plaintiff then filed a counter-statement of facts.  *Id.*

Like *Kerwin*, Defendants cured their failure to file a Statement of Facts by subsequently filing a Statement of Facts on January 17, 2008.  (Doc. 45.)  However, in this case, the Plaintiffs have not filed a Counterstatement to the Defendants' Statement of Facts.  So as not to prejudice the Plaintiffs for Defendants' late filing, Plaintiffs will be granted fifteen (15) days from the date of this Order to file a Counterstatement.

**NOW,** this  29th  day of January, 2008, **IT IS HEREBY ORDERED THAT** Plaintiffs have fifteen (15) days from the date of this Order to file a Counterstatement to Defendants' Statement of Facts.  (Doc. 45.)

                                                /s/ A. Richard Caputo
                                                A. Richard Caputo
                                                United States District Judge