**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

BIENVENDIO ARIAS and ANNA ARIAS,
His Wife,

     Plaintiffs,

          v.

DECKER TRANSPORTATION and MAUD
BLUE,

     Defendants.

NO. 3:06-CV-638


(JUDGE CAPUTO)

## <u>MEMORANDUM</u>

Presently before the Court is Defendants' Motion for Partial Summary Judgment (Doc. 35) and Defendants' Amended Motion for Partial Summary Judgment.  (Doc. 51.) Because there are questions of material fact regarding whether Defendant Blue was acting in a reckless manner at the time of the collision, the Motion for Partial Summary Judgment will be denied.  As Defendants' Amended Motion for Partial Summary Judgment is untimely, that motion will be stricken from the record.  However, the Defendants are not precluded from raising these arguments at the appropriate time in a motion *in limine.*

As the Plaintiffs are citizens of the Commonwealth of Pennsylvania, the Defendants are citizens of the State of New Jersey, and the amount in controversy exceeds seventy-five thousand dollars ($75,000),  jurisdiction exists under section 1332 of Title 28 of the United States Code ("diversity jurisdiction").

**BACKGROUND**

Plaintiffs are Bienvendio and Anna Arias.  (Defs.' Statement of Material Facts in Supp. Of Mot. for Partial Summ. J., Doc. 45 ¶ 1; Pls.' Counterstatement of Material Facts, Doc. 53 ¶ 1.)  The action arises out of a tractor-trailer accident that occurred on January 26, 2004. (Doc. 45 ¶ 2; Doc. 53 ¶ 2.)  The Defendant-driver, Maud Blue, was operating a tractor-trailer owned by his employer, Defendant Decker Tranport Co., Inc. ("Decker"). (Doc. 45 ¶ 3; Doc. 53 ¶ 3.)  The accident occurred on the westbound side of Interstate 80.  (Doc. 45 ¶ 4; Doc. 53 ¶ 4.)  The front of the tractor-trailer impacted the rear of the Plaintiffs' vehicle.  (Doc. 45 ¶ 5; Doc. 53 ¶ 5.)  Plaintiff Bienvenido Arias alleges that he incurred personal injuries as a result of this accident.  (Doc 45 ¶ 6; Doc. 53 ¶ 6.)

Plaintiffs filed a Complaint on March 17, 2006 in the Court of Common Pleas of Luzerne County.  (Doc. 1.)  On March 28, 2006, the action was removed to the Middle District of Pennsylvania.  (Doc. 1.)  On October 31, 2006, Defendants filed their Answer and Affirmative Defenses.  (Doc. 9.)  On December 31, 2007, Defendants filed the present Motion for Partial Summary Judgment.  (Doc. 35.)  On February 12, 2008, the Court approved an Order stipulating the dismissal of certain claims for punitive damages and precluding the Plaintiffs from calling James Henderson as a witness.  (Doc. 52.) Defendants filed an Amended Motion for Partial Summary Judgment on February 11, 2008.  (Doc. 50.)

The motions are fully briefed and ripe for disposition.

**LEGAL STANDARD**

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).  A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law.  Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one.  *See id.* at 248.   An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party."  *Id.*

Where there is a material fact in dispute, the moving party has the initial burden of proving that: (1) there is no genuine issue of material fact; and (2) the moving party is entitled to judgment as a matter of law.  *See* CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2727 (2d ed. 1983).  The moving party may present its own evidence or, where the nonmoving party has the burden of proof, simply point out to the Court that "the nonmoving party has failed to make a sufficient showing of an essential element of her case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

All reasonable doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the entire record must be examined in the light

most favorable to the nonmoving party.  *See Hersh v. Allen Prods. Co.*, 789 F.2d 230, 232 (3d Cir. 1986).  Once the moving party has satisfied its initial burden, the burden shifts to the nonmoving party to either present affirmative evidence supporting its version of the material facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law.  *See Anderson*, 477 U.S. at 256-57.

The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement.  *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990).  In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  *Anderson*, 477 U.S. at 249.


## DISCUSSION

Defendants' motion for partial summary judgment is premised upon Paragraph 11 of the Plaintiffs' Complaint. (Compl. ¶ 11, Doc. 1.)  In that paragraph, Plaintiffs allege that the injuries suffered by the Plaintiff Benvendio Arias were a result of the Defendants' reckless conduct.  Defendants argue that this paragraph indicates that Plaintiffs might be seeking punitive damages.  Therefore, Defendants seek summary judgment on the punitive damages claim by the Plaintiffs.

On February 12, 2008, the Court approved an Order stipulating the dismissal of certain punitive damages claims, including claims arising from corporate negligence, including negligent hiring, retention and supervision, as well as all direct claims for punitive damages against Defendant Decker.  (Doc. 52.)  Any remaining punitive

damages claims are based solely on vicarious liability for actions of the Defendant-Driver Maud Blue.  (Doc. 52.)  The parties also stipulated that James Henderson would be precluded from being called as Plaintiffs' witness.  (Doc. 52.)

Defendants submitted an Amended Motion for Partial Summary Judgment with the stipulation on February 11, 2008.  (Doc. 50.)  However, all dispositive motions were due by December 31, 2007 as per this Court's August 1, 2007 Order, and therefore this motion was filed out of time.  (Doc. 25.)  This motion will be stricken from the record. However, this does not preclude the parties from presenting these arguments in a motion *in limine* prior to trial.

The stipulation renders most of Defendants' Motion for Partial Summary Judgment moot, as many of the arguments are based upon the use of the Henderson report. However, the stipulation does not address the argument that Defendant Blue was acting recklessly at the time of the collision, which was argued in the parties' memorandums in support and in opposition to the motion for partial summary judgment.

Federal courts sitting in diversity jurisdiction must apply state substantive law.  *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938).  In *Browning-Ferris Indus. of Vt., Inc. v. Kelco Disposal, Inc.*, 492 U.S. 257 (1989), the Supreme Court reaffirmed *Erie*, and held that "[i]n a diversity action, or in any other lawsuit where state law provides the basis of decision, the propriety of an award of punitive damages . . ., and the factors the jury may consider in determining their amount, are questions of state law."  *Id.* at 278.

 "As the name suggests, punitive damages are penal in nature and are proper only in cases where the defendant's actions are so outrageous as to demonstrate willful,

5

wanton or reckless conduct." *Hutchinson ex rel. Hutchinson v. Luddy*, 870 A.2d 766, 770

(Pa. 2005).  Reckless indifference is defined as "where the 'actor knows, or has reason to

know, . . . of facts which create a high degree of risk of physical harm to another, and

deliberately proceeds to act, or to fail to act, in conscious disregard of, or indifference to,

that risk.' " *SHV Coal v. Continental Grain Co.*, 587 A.2d 702, 704 (Pa. 1991) (quoting

*Martin v. Johns-Manville Corp.*, 494 A.2d 1088, 1097-98 (Pa.1985)) (emphasis added).

In determining whether punitive damages are appropriate, "[t]he state of mind of

the actor is vital.  The act, or the failure to act, must be intentional, reckless or malicious."

*Id.* at 771.  An appreciation of the risk is a necessary element of the mental state required

for the imposition of punitive damages.  *Id.* at 772.  Thus, a showing of mere negligence,

or even gross negligence, will not suffice to establish that punitive damages should be

imposed. *Phillips v. Cricket Lighters*, 883 A.2d 439, 445 (Pa. 2005).  However,

notwithstanding this heightened standard, punitive damages may be awarded based on a

cause of action sounding in negligence if the plaintiff is able to show that "the defendant's

conduct not only was negligent but that the conduct was also outrageous." *Hutchinson*,

870 A.2d at 772.

In Pennsylvania law, a punitive damages claim must be supported by evidence

sufficient to establish that (1) the defendant had a subjective appreciation of the risk of

harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case

may be, in conscious disregard of that risk. *Id.*  Stated another way, punitive damages will

be imposed where the defendant knew or had reason to know of facts which create a

high degree of risk of physical harm to another, and deliberately proceeded to act, or

6

failed to act, in conscious disregard of, or indifference to, that risk. *Id.* at 771 n.7.

Pennsylvania state law provides that punitive damages can be imposed on an employer based entirely on an employee's conduct, even without any direct evidence of misconduct by the employer. *Shiner v. Moriarty*, 706 A.2d 1228, 1240 (Pa. Super. 1998), appeal denied, 729 A.2d 1130 (1998). However, the imposition of punitive damages on an employer requires that the employee's actions are clearly outrageous, occur within the scope of his employment, and are not be done to satisfy a personal motive, but to further the employer's interests. *Delahanty v. First Pennsylvania Bank, N.A.*, 464 A.2d 1243, 1264-65 (Pa. Super. 1983).

In this case, there is a question of material fact as to whether Defendant Blue acted so outrageously as to demonstrate willful, wanton or reckless conduct. The question of whether Defendant Blue acted with deliberate indifference is a question of fact. In raising this question of material fact, Plaintiffs cite in their brief the deposition of Defendant Maud Blue. However, neither party has submitted the relevant portions of Defendant Blue's deposition in support of their position. Rather, the two parties argue in their briefs about whether Defendant Blue was reckless in driving about fifty-five (55) miles per hour approximately five (5) miles prior to the accident. The parties also argue whether Defendant Blue was reckless because he was unaware that he impacted Plaintiffs' vehicle. Defendants argue that the Plaintiffs have not proven that Defendant Blue was following the Plaintiffs too closely, and state that the only evidence is that Defendant Blue was unaware that he impacted the Plaintiffs' vehicle. However, these arguments demonstrate that there is a question of material fact for the jury. Whether driving fifty-five (55) miles per hour five (5) miles before the accident was reckless is a

7

question of fact for the jury.  Furthermore, it is a question of fact as to whether Defendant Blue's failure to see the Plaintiffs' vehicle prior to impact was reckless.  For these reasons, Defendants' Motion for Partial Summary Judgment based upon the manner of Defendant Blue's driving will be denied.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Partial Summary Judgment will be denied, as there are questions of material fact remaining on Defendant Blue's conduct.  Defendants' Amended Motion for Partial Summary Judgment and its related documents will be stricken from the record as untimely.

An appropriate Order follows.

February 14, 2008                              /s/ A. Richard Caputo
Date                                                    A. Richard Caputo
                                                          United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

BIENVENDIO ARIAS and ANNA ARIAS,
His Wife,

      Plaintiffs,

          v.

DECKER TRANSPORTATION and MAUD
BLUE,

      Defendants.

NO. 3:06-CV-638

(JUDGE CAPUTO)

## <u>ORDER</u>

    **NOW**, this __14th__ day of February, 2008, **IT IS HEREBY ORDERED** that

Defendants' Motion for Partial Summary Judgment (Doc. 35) is **DENIED** and Defendants'

Amended Motion for Partial Summary Judgment (Doc. 50) is **STRICKEN** from the record.

The memorandum in support and other exhibits to the Amended Motion for Partial

Summary Judgment are also **STRICKEN** from the record. (Doc. 51.)


                        /s/ A. Richard Caputo
                        A. Richard Caputo
                        United States District Judge